IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN G. TRAPP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-3335-JAR |
| ) | |
| UNITED STATES MARSHALS ) | |
| SERVICE, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER STAYING DISCOVERY

This matter comes before the court upon defendants motion to delay planning and scheduling of case and to stay discovery (Doc. 42). Defendants seek to have the court stay discovery in this matter pending a ruling by the trial judge on their motion for summary judgment (Doc. 40).

On October 13, 2005, the court entered an order by docket text entry suspending the deadlines for submission of the parties' planning report and the holding of a telephone scheduling conference to permit the parties' time to fully-brief the instant motion prior to the establishment of a pretrial and discovery schedule in the case (Doc. 43). Pursuant to D. Kan. Rule 6.1, any response in opposition to the instant motion was due from plaintiff on or before October 26, 2005.[1] To date, no such response has been filed. Pursuant to D. Kan. Rule 7.4, the

---

[1] *See* D. Kan. Rule 6.1(d)(1) ("Responses to nondispositive motions. . . shall be filed and served within 14 days.").

court ordinarily treats a motion, to which no timely response is filed, as uncontested and grants the motion without any further notice.[2]

The court does not ordinarily favor staying discovery pending resolution of dispositive motions because of the delay such a stay may occasion in obtaining a timely resolution of the matter. However, in this instance, the case at bar has already been pending since August of 2003, as a result of prior motion practice and appellate review, and the court finds merit in providing the parties an opportunity to attempt to further narrow or resolve the issues in the case through dispositive motion practice before requiring them to make the expenditure of time and resources to undertake discovery. In the event the trial judge's decision results in a narrowing or resolution of the remaining issues, then the parties will benefit from not having expended resources on unnecessary discovery, and, should the issue remain unchanged after a ruling on the motion for summary judgment, the small time lost in awaiting that ruling is likely to represent very little additional delay in what has already become a protracted case.

Therefore, because the instant motion has not been timely opposed, the court finds merit in the relief requested, the court will grant defendants' motion and order that discovery

---

[2] D. Kan. Rule 7.4 provides in relevant part:

The failure to file a brief or response within the time specified within Rule 6.1(d) shall constitute a waiver fo the right thereafter to file such a brief or response, except upon a showing of excusable neglect. . . . If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.

in this case be stayed pending a ruling by the trial judge on the pending motion for summary judgment (Doc. 40).

**IT IS THEREFORE ORDERED** that discovery in this case is hereby **STAYED** pending a ruling on defendants' motion for summary judgment (Doc. 42). The court will establish new dates for the parties to confer and submit a planning report, and for the holding of a scheduling conference, if necessary, at the time a ruling is entered on the motion for summary judgment.

**IT IS SO ORDERED.**

Dated this 3rd day of November, 2005, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
